## EADIE v. CARNES.

Opinion delivered January 25, 1926.

TRIAL—INSTRUCTION NOT APPLICABLE TO PLEADINGS.—In an action for injuries received in a collision between two automobiles, where defendant offered testimony tending to prove an accord and satisfaction which was competent as an admission of liability on plaintiff's part, it was error to permit the jury to consider that affirmative defense when it was not pleaded.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum*, Judge; reversed.

*Joseph R. Brown*, for appellant.

*Roy Gean* and *J. A. Gallaher*, for appellee.

SMITH, J.  Plaintiffs brought suit to recover damages on account of a collision which occurred between a truck owned by them and an automobile owned by defendant. Both the truck and the car were being used for business purposes, and each was being driven by an employee of the owner. The plaintiffs allege the collision was due to the negligence of defendant's employee. Defendant denied negligence and alleged the injury was caused by the negligence of plaintiff's driver, and defendant prayed judgment on account of the damage to his car.

As is usual in such cases, the employee of each party excused himself and blamed the other, and the testimony would have supported a recovery for either party, but the jury found for the defendant without assessing any damages in his favor.

Over the objection of plaintiffs the defendant was permitted to testify that, soon after the collision, Castling, one of the plaintiffs, came to him, and stated that he had gone over the situation and had concluded that it was an accident and was unavoidable. That Castling asked witness if his car was insured, and he answered that it was not, and that Castling stated that he carried insurance, and suggested that if witness would file a claim with the insurance company he might get something for his damage, and that, in response to Castling's suggestion, he filed a claim, but it was rejected by the insurance company, and that he and Castling agreed they would consider the matter settled by each paying the cost of making his own repairs.

All of this testimony was objected to on the ground that it tended to show an accord and satisfaction, a defense which had not been pleaded. This objection was overruled, and this action of the court is assigned as error.

The testimony of this witness tended to show that he and Castling had compromised the matter by each agreeing to pay the cost of repairing his own machine, and the court gave an instruction on this subject over the objection of the plaintiffs, yet, notwithstanding the testimony of the witness that the matter had been compromised and settled, he prayed judgment in his cross-complaint for the damages to his own car.

It may be said that the defense of an accord and satisfaction is an affirmative one, which should have been specially pleaded if the defendant wished to rely upon it. Defendant did not ask to amend his answer to set up this defense, and the court did not rule that the answer would be treated as amended to set it up.

The plaintiffs did not plead surprise, but we cannot say that they should have done so in support of their objection, for the reason that the testimony might have been admitted on the theory that it was an admission that there was no negligence on defendant's part causing.

the collision.   It was not until the instructions were given that it appeared that the court was holding that the testimony might also be considered in support of the affirmative defense of accord and satisfaction, which, as we have said, was never pleaded.

The court, in ruling on the admissibility of this testimony, should either have given the defendant leave to amend his answer to set up this defense or have stated that the answer would be treated as being so amended, in which event plaintiffs might have made any showing of surprise they thought proper to make in the admission of the testimony.   But plaintiffs could not have pleaded surprise if the testimony had been intended only to show an admission on plaintiffs' part that defendant was not responsible for the collision, for the evidence objected to was competent for that purpose.

We conclude therefore that, upon objection being made to this testimony, the court should have required defendant to amend his answer or have ruled, as a condition to the admission of the testimony, that the answer be treated as amended, if defendant wished this done, in which event plaintiffs would have been in position to plead surprise, if such were the fact, as Castling was not present at the trial.

We conclude therefore that the court was in error in admitting this testimony under the circumstances of the case.

Other errors assigned relate to matters which will become unimportant or will not likely be repeated in view of the new trial which must be ordered.

For the error indicated the judgment is reversed, and the cause will be remanded for a new trial.